MADELEY ET AL., APPELLANTS, v. WHITE ET AL., APPELLEES.

PRACTICE—EQUITY—COSTS.

One White recovered judgment in justice court against Madeley & Brophy for $297 and costs. Madeley & Brophy appealed to the county court, and while the appeal was pending sent C. to com-

promise and adjust the matter, giving him $135 for that purpose. C., as he and his principals supposed, succeeded in effecting a compromise. At the time of the supposed adjustment White executed and delivered a receipt for $175, reciting that it was in full payment and settlement of the case pending on appeal.

The receipt was not filed in the county court, but the appeal was dismissed. The justice to whom the case was remanded issued an execution on the judgment for the entire amount, and the constable proceeded to make a levy.

Madeley & Brophy brought this action to obtain an injunction against White, and the justice, and constable, to restrain them from further proceedings under the judgment and execution. At this time White repudiated the receipt, admitted its delivery, but claimed that he had received only a note for $40, and $50 cash. *Held*—

1. That as the receipt was not in full of the amount of judgment except by agreement of the parties, and when challenged, it could not be held a discharge.

2. The transactions between Madeley & Brophy and their agent C. could not affect White.

3. The receipt not having been filed in county court, and the judgment satisfied, it was, in the district court, open to explanation.

4. The appeal having been dismissed without action upon the receipt, neither the county court nor justice could recognize or act upon it.

5. Where the evidence is conflicting, the finding of the jury on the facts is conclusive.

6. Where parties are forced to institute an action to obtain credit for a sum admitted to have been paid, the costs should not be taxed against them.

*Appeal from the District Court of Phillips County.*

Mr. QUIT. BROWN, for appellants.

No appearance for appellees.

REED, J., delivered the opinion of the court.

This is a peculiar case, legally and morally unique, in showing how many complications may arise in a case, and how many eccentricities may be indulged in, in the attempted disposition of a case in courts of justice.

In 1888, White brought suit against Madeley & Brophy before Helland, a justice of the peace, and obtained judgment

for $297 and costs. An appeal was taken to the county court. While the appeal was pending, Madeley & Brophy sent their agent, Callaghan, to compromise and adjust the matter, giving Callaghan cash, $135, for such purpose. Callaghan, as he and principals supposed, succeeded in effecting a compromise. Callaghan testifies he paid the $135 furnished by his principals, and put in a note he held against White for $40 to make up the balance. The amount of the note was afterwards paid by Madeley to Callaghan. At the time of the supposed adjustment, White executed the following paper, which was by Callaghan delivered to Madeley, and Madeley & Brophy paid all costs accrued to that time:

" In consideration of one hundred seventy-five dollars to me in hand paid, by C. H. Madeley, I hereby and by these presents enter full payment and settlement of the certain case of Thomas White v. James P. Brophy and Chas. H. Madeley now on appeal before the county court of Logan county, Colo., and as per stipulation to be tried January 22, '89. Witness my hand and seal this day of February 5, 1889.

" Thomas White   [seal.]

" Witness $\begin{cases} \text{Harvey J. Allebery.} \\ \text{O. Callaghan.''} \end{cases}$

Madeley & Brophy, supposing the whole thing settled, retained the paper and gave the matter no further attention; Barnes, their attorney, made a grave mistake. Instead of filing the paper in the county court and having the judgment satisfied and discharged, dismissed the appeal. The county court issued a *procedendo* and remanded the case to the justice of the peace. About this time, but whether before or after issuing the *procedendo* does not appear, he became possessed of the paper executed by White—took no action upon it—afterwards returned it to Madeley. The justice of the peace issued an execution for the entire judgment ($297), and the constable proceeded to levy it and make the money; their attention was called to the paper and it was disregarded.

· Madeley & Brophy brought this suit in the district court, setting up the facts above stated, and praying an injunction restraining White, Helland (justice of the peace) and Carson (constable) from proceeding to make the money.   At this stage of the proceedings White ignored and repudiated the receipt given, admitted its execution and delivery, but claimed that he had never received $175 from Callaghan, but only the note for $40 and $50 cash, making $90 ; that Callaghan was to have paid the remaining $85 in a few days, but it had not been paid.   A trial was had to a jury in the district court, upon the issues of fact.

That Madeley furnished Callaghan the $135 cash, and paid him the balance for the note, was established beyond controversy.   The fact was also established that Madeley & Brophy were never informed by White that the amount of the receipt had not been paid by Callaghan, and that no demand had ever been made upon them by White.

The only witnesses present and examined in regard to the settlement were White and Callaghan, the former swearing he only received $90, and the latter that he paid the entire sum of $175.   The jury believed White and discredited the testimony of Callaghan ; set aside the receipt and allowed only the $90 admitted by White.

The court allowed the $90 as a credit upon the judgment; refused an injunction as to the balance, and gave judgment against the plaintiffs for the costs.   From such judgment the appeal was prosecuted to this court.

A very brief discussion of the questions presented will be sufficient.   First, the receipt for $175 not being in full of the amount of the judgment, except by agreement of the parties, could not when challenged be held a discharge.   To have made it such it must have been accepted as full satisfaction and the judgment canceled of record.

Second. The transactions between Madeley and Brophy and their agent, Callaghan, could in no way affect White.

Third. The receipt not having been filed in the county court and the judgment satisfied, it was in the district court,

like all other receipts, subject to explanation, and could be repudiated by the maker.

Fourth. The finding of the jury upon the facts, upon contradictory testimony, is conclusive upon this court, according to the well established rule governing it.

Fifth. The appeal having been dismissed without action having been taken upon the receipt, either as a satisfaction of the judgment, or as a credit upon it, neither the county court nor justice of the peace could recognize it or in any way act upon it.

This being a suit in equity, and appellants having been forced to institute it, under the circumstances, to obtain credit for the sum admitted to have been paid and received, they should not have been subjected to costs of the suit. The conduct of White, to say the least, was not such as to strongly appeal to the conscience of a chancellor. It was open to severe criticism throughout the entire transaction. Equity, common justice and decent business morality required him, after repudiating the paper by him executed, to credit the amount admitted to have been received upon the judgment, and not proceed to collect the same money twice. That, at least, was due to appellants.

The judgment of the district court as to all the costs of this suit will be reversed, and they will be taxed, including the costs in this court, against appellee, White. The balance of judgment and decree will be affirmed.

*Modified.*